UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHALISA KEEGSTRA,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C18-338 MJP

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her testimony and the medical opinions of her treating doctor. Dkt. 12. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## **BACKGROUND**

Plaintiff is currently 42 years old, has a high school education, and has worked as an apartment manager. Administrative Record (AR) 26-27. In May 2014, plaintiff applied for benefits, alleging disability as of March 1, 2014. AR 131. Plaintiff's applications were denied initially and on reconsideration. AR 129-30, 161-62. After the ALJ conducted a hearing in August 2016, the ALJ issued a decision in October 2016 finding plaintiff not disabled. AR 81,

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

17-28.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process outlined in 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

**Step one:** Plaintiff has not worked since the alleged onset date of March 1, 2014.

**Step two:** Plaintiff has the following severe impairments: fibromyalgia, fatigue syndrome, strabismus, irritable bowel syndrome, depression, and anxiety disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.

**Residual Functional Capacity:** Plaintiff can perform light work, lifting and carrying 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for 6 hours and sit for 6 hours per day. She can bilaterally handle and finger frequently. She can climb stairs occasionally and ladders never. She can occasionally stoop, kneel, crouch, or crawl. She must avoid concentrated exposure to unprotected heights, machinery, dusts, odors, fumes, and extreme cold and heat. She can perform unskilled work and simple work-related tasks. She can have occasional interactions with the public and coworkers.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled.

AR 19-28. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

## DISCUSSION

This Court may set aside the Commissioner's denial of social security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

### A. Plaintiff's Symptom Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff challenges the ALJ's assessment of her physical symptom testimony, not of her mental or social abilities. Dkt. 12 at 8-11. Some of the parties' arguments are, therefore, beside the point. For example, the parties argue over whether the ALJ reasonably relied on plaintiff's "very comprehensive and well-written Function Report" as evidence that she could perform at least unskilled, simple work, but plaintiff does not challenge the unskilled, simple work limitations in the RFC. AR 23. The ALJ cited relationships with close family members and interactions with providers as evidence that plaintiff could have at least occasional interactions with the public and coworkers but, again, plaintiff does not challenge the social limitations in the

RFC.  *Id.*

Plaintiff argues that her physical limitations prevent her from maintaining full-time work. At the 2016 hearing, plaintiff testified that she suffers from pain and fatigue.  AR 89.  It is physically taxing even to shower.  AR 90-91.  She cannot sit or stand for long.  AR 96-99.  Even sitting on the toilet for five minutes can make her left leg go numb.  AR 97.  Even standing for a couple of minutes is uncomfortable.  AR 98.  She can only walk a block before needing to stop. AR 99.  She has erratic bowel issues; she may need to use the restroom every hour due to diarrhea, or sit on the toilet for an hour due to constipation.  AR 99-100.  She sleeps a lot during the day.  AR 101-02.  In a 2014 report, plaintiff stated that she is "at home nearly 100% of the time."  AR 319.  The ALJ discounted plaintiff's testimony as inconsistent with her activities, the medical evidence, and her work history.  AR 23-26.

An ALJ may reject a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  The ALJ cited plaintiff's attendance at her sons' orchestra concert, cooking and following recipes, and reading.  AR 23-25.  Plaintiff was able to attend one orchestra concert in the three years that her children played in the orchestra, consistent with her allegations that leaving her house is difficult, not impossible.  AR 91-92.  Plaintiff testified that cooking "was" one of her passions before she became ill, but "now" the extent of her cooking is reheating a meal, warming a can of soup, making sandwiches, or making macaroni and cheese from a box, once or twice a week.  AR 93-94, 317.  Plaintiff reported reading was one of her hobbies, "although [she] usually fall[s] asleep…."  AR 319.  None of these activities contradict plaintiff's other testimony and none of these minimal activities, taken singly or together, or show transferrable work skills.  Plaintiff's activities were not a clear and convincing reason to discount

her testimony.

"While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)). While accepting fibromyalgia as a severe impairment, the ALJ discounted the alleged severity of plaintiff's symptoms because clinical findings of normal grip and extremity strength contradicted her claims of weakness. AR 23 (citing AR 373). However, as the Ninth Circuit has recognized, muscle strength is normal in fibromyalgia. *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017). Lack of supporting medical evidence was not a valid reason to discount plaintiff's testimony.

The ALJ also discounted plaintiff's symptom testimony because she had "zero earnings from work" for four years before her alleged onset date, reasoning that "[p]oor earnings years before the alleged onset date tend to show that reasons other than medical conditions are preventing work." AR 26. An ALJ may discount a claimant's testimony when her work history suggests reasons other than disability for the claimant's failure to work. *See Thomas*, 278 F.3d at 959 (upholding ALJ's rejection of plaintiff's symptom testimony where she had a poor work history and showed "little propensity to work in her lifetime"). Here, however, plaintiff has consistently maintained that she has been disabled for years. In a previous application, she alleged disability beginning in 2009, and there is evidence in the record that suggests she had substantial, consistent earnings for at least a decade before that. *See* AR 111, 288-89. Plaintiff failed to appeal the February 2014 denial of that prior disability claim and thus her new application, at issue in this case, was restricted to an alleged onset date no earlier than March 1,

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

2014.  *See* AR 122-23.  Even if plaintiff was not completely disabled between 2009 and 2014, the 2014 denial stated that she had severe impairments, including fibromyalgia, and could not perform her past work.  AR 113, 121.  In the 2016 decision at issue here, the ALJ did not address whether failing health explained plaintiff's work history.  *See Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995) (an ALJ may not reject "significant probative evidence" without explanation).  The Commissioner argues that, taken together with plaintiff's activities and the lack of supporting medical evidence, plaintiff's work history is an adequate reason to discount her testimony.  Dkt. 13 at 6-7.  However, the Court has already concluded that the ALJ erred in discounting plaintiff's testimony based on her activities and medical evidence.  Because the ALJ failed to consider her health problems and undisputed inability to perform her past work, plaintiff's work history alone is not a clear and convincing reason to discount her testimony.

The Court concludes the ALJ erred by discounting plaintiff's testimony.

**B.     Medical Opinion**

Generally, a treating physician's opinion is entitled to greater weight than an examining or nonexamining physician's opinion.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  An ALJ may only reject the uncontradicted opinion of a treating doctor by giving "clear and convincing" reasons.  *Revels*, 874 F.3d at 654.  Even if a treating doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons.  *Id.*  The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id.* (citation omitted).  "The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct."  *Reddick*, 157 F.3d at 725.

Dr. Marti, who has treated plaintiff since 2006, opined in 2015 that plaintiff's symptoms prevent her from being able to work full time. AR 383, 387. "To a reasonable degree of medical certainty," Dr. Marti opined that plaintiff "would miss two days, or more, of work per month." AR 387. Plaintiff could not sit more than five minutes at a time. AR 386. She must use the restroom frequently throughout the day, and sometimes must be in the bathroom for up to two hours at a time. AR 386. Her conditions and medication caused cognitive impairments, such as memory loss, poor concentration, cognitive slowing, and impaired judgment, that impacted her ability to work. AR 387.

The ALJ gave Dr. Marti's opinions only "some weight," discounting them as inconsistent with plaintiff's activities and her own treatment notes. AR 25. Conflict with a claimant's activities "may justify rejecting a treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The ALJ found that following recipes, using a computer for online shopping, reading, and counting change contradicted Dr. Marti's opinions that plaintiff's cognitive impairments impacted her ability to work. AR 25. Substantial evidence does not support a finding that plaintiff is able to follow recipes. She testified that she used to cook from recipes, but now she can only do simple food preparation such as heating premade meals once or twice a week. AR 93, 317. The other activities do not contradict Dr. Marti's opinions. Plaintiff testified that she only shops online once "every couple months." AR 318. When she reads she usually falls asleep. AR 319. She is able to count change, but not pay bills, handle a savings account, or use a checkbook. AR 318. These minimal activities do not evince a cognitive ability to work. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (a claimant does not need to be "utterly incapacitated" in order to be disabled). Conflict with plaintiff's activities was not a specific and legitimate reason to discount Dr. Marti's opinions.

The ALJ found that Dr. Marti's opinion on frequent restroom use was contradicted by her treatment notes because there was "no documentation of frequent use of bathroom." AR 25. This mischaracterizes the record. In almost half of plaintiff's visits, Dr. Marti documented diarrhea. AR 390, 394, 417, 421, 425. Every visit documented constipation. *Id.*; see also AR 413, 437, 441, 445, 449, 453, 457. The ALJ noted that in a June 2016 visit, Dr. Marti noted "loose stools" and "constipation," but "did not mention the resulting limitations were interfering with functioning." AR 25 (quoting AR 449). There is no reason to expect functional limitations in a treatment note, and thus the absence does not contradict Dr. Marti's opinion. The ALJ also found that plaintiff "reported being able to engage in leisure activities without interruptions from irritable bowel syndrome[,]" citing plaintiff's self-reported "light gardening" and "light house work." AR 25 (citing AR 375). But both of these activities can easily be paused to go to the bathroom, and plaintiff never said her activities were uninterrupted. In fact, she said these activities tired her quickly, which suggests she did not engage in them for long. AR 375. Inconsistency with her own or others' treatment notes was not a specific and legitimate reason to discount Dr. Marti's opinions.

The Court concludes the ALJ erred by discounting Dr. Marti's opinions.

**C.     Scope of Remand**

Plaintiff requests the Court remand for payment of benefits or, in the alternative, for further administrative proceedings. Dkt. 12 at 11. In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would

serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. The Court has flexibility, however, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, the Court concludes that enhancement of the record would be useful. Fatigue and pain are at the core of plaintiff's alleged disability, yet the ALJ made few related findings and this Court cannot make its own findings. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("we cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts."). Plaintiff told examining physician Dan V. Phan, M.D., in October 2014 that she "feels tired after 2-3 hours of activities." AR 371. Dr. Phan opined that the "pain and fatigue associated with fibromyalgia will affect her endurance" but did not clarify to what degree. AR 373. Treating physician Dr. Marti opined that pain and fatigue made plaintiff "unable to sustain physical activity for any significant length of time." AR 386. And even if Dr. Marti's opinions are credited as true, they conflict with Dr. Phan's opinions that plaintiff could sit or stand/walk six hours each per day. *See* AR 373. It is the ALJ's responsibility to resolve conflicts in medical opinions and other ambiguities. *Andrews*, 53 F.3d at 1039. Accordingly, the Court concludes that remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate plaintiff's testimony and Dr. Marti's opinions, reassess the RFC and proceed to step five as necessary.

DATED this 29th day of October, 2018.

MARSHA J. PECHMAN
United States District Judge

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 10